Filed:  June 3, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-1891
(CA-95-196-AW)

Brandon Hosey,

Plaintiff - Appellant,

versus

McDonald's Corporation,

Defendant - Appellee.

O R D E R

The Court amends its opinion filed May 12, 1997, as follows:

On the cover sheet, section 7 -- the counsel information is corrected to read:

Joseph M. Sellers, Avis L. Sanders, WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFIARS, Washington,
D.C.; Richard Semsker, Solaman G. Lippman, LIPPMAN &
ASSOCIATES, Washington, D.C. for Appellant.  Bruce S.
Harrison, Eric Hemmendinger, SHAWE & ROSENTHAL,
Baltimore, Maryland, for Appellee.

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

# FOR THE FOURTH CIRCUIT

BRANDON HOSEY,
Plaintiff-Appellant,

v.                                                      No. 96-1891

MCDONALD'S CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-95-196-AW)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph M. Sellers, Avis L. Sanders, WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS,
Washington, D.C.; Richard Semsker, Solaman G. Lippman,
LIPPMAN & ASSOCIATES, Washington, D.C., for Appellant.
Bruce S. Harrison, Eric Hemmendinger, SHAWE & ROSENTHAL,
Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brandon Hosey appeals from the district court's order granting summary judgment to his former employer on his Title VII action alleging sexual harassment, disparate treatment, and constructive discharge. 42 U.S.C. § 2000e (1994). Hosey began working for McDonald's in February 1993 as a part-time "crew person." Hosey worked approximately twelve hours per week and his duties included cooking french fries, washing dishes, and sweeping floors. Laria Cornell was Hosey's "crew trainer" and, as such, was responsible for training new employees. Although she was promoted to "floor supervisor" in November 1993, Cornell had no direct supervisory authority over Hosey.

Hosey alleged in his complaint that, beginning in November 1993, Cornell made unwanted sexual advances toward him--asking him out on numerous occasions, touching him in a sexually offensive manner, and making explicit sexual comments to him. After the first touching incident, Hosey spoke with the "certified swing manager" Katedra Taylor whose response was "Why don't you just date her?" Approximately two weeks later, Hosey approached the assistant manager, Terry Richards, and told her that "[Cornell] was asking me out and stuff," to which Richards replied, "I know." According to Hosey, Richards did nothing. Hosey resigned on March 31, 1994, citing Cornell's behavior toward him.

This court reviews the district court's granting of summary judgment de novo. <u>Farwell v. Un</u>, 902 F.2d 282, 287 (4th Cir. 1990). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mattter of law." Fed. R. Civ. P. 56(c). We construe all facts and draw all rea-

2

sonable inferences in the favor of the nonmovant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

With this standard in mind, we find that the district court properly granted summary judgment in favor of McDonald's. To prove a hostile work environment claim under Title VII, a plaintiff must show that the conduct in question was unwelcome, that the harassment was based on sex, that the harassment was sufficiently severe or pervasive to create an abusive working environment, and that some basis exists for imputing liability to the employer. <u>Paroline v. Unisys Corp.</u>, 879 F.2d 100, 105 (4th Cir. 1989); <u>Swentek v. USAIR, Inc.</u>, 830 F.2d 552, 557 (4th Cir. 1987). For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. <u>Meritor Sav. Bank v. Vinson</u>, 477 U.S. 57, 67 (1986). We agree with the district court's conclusion that the facts as alleged by Hosey were not sufficiently severe or pervasive to create an abusive working environment.

In any event, Hosey has failed to establish a basis for imputing liability to McDonald's. An employer is liable for an employee's sexual harassment of another worker if the employer had actual or constructive knowledge of the existence of a sexually hostile working environment and took no prompt and adequate remedial action. <u>Paroline</u>, 879 F.2d at 106. Hosey's statement to the assistant manager that Cornell was "asking me out and stuff" was insufficient to impute liability to McDonald's. Nor did Hosey's statement to Taylor impute liability to McDonald's because Taylor had no direct supervisory authority. Moreover, the incidents complained of by Hosey were not so pervasive or obvious as to give McDonald's constructive knowledge of the alleged harassment.

In order to establish that he was constructively discharged, Hosey must show that McDonald's "deliberately" made his working conditions "intolerable," thus forcing him to quit his job. <u>See Amirmokri v. Baltimore Gas and Elect. Co.</u>, 60 F.3d 1126, 1132 (4th Cir. 1995); <u>Martin v. Cavalier Hotel Corp.</u>, 48 F.3d 1343, 1350 (4th Cir. 1995). Hosey has failed to make such a showing.

Finally, Hosey's disparate treatment claim fails because he could not show that McDonald's treated sexual harassment complaints by

3

women more seriously than those by men. See Carter v. Ball, 33 F.3d 450, 456 n.7 (4th Cir. 1994).

For the foregoing reasons, we affirm the district court's order granting summary judgment in favor of McDonald's. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4